**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RHINELANDER HERNANDEZ,

          Petitioner,

v.                                          CIVIL ACTION NO. 5:09-cv-00161
                                          (Criminal No. 5:04-cr-00178)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Motion to Vacate, Set Aside or Corret a sentence under 28 U.S.C. § 2255 [Docket 82]. By Standing Order entered August 1, 2006, and filed in this case on February 26, 2009, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation ("PF&R"). Magistrate Judge VanDervort filed his PF&R [Docket 94] on December 30, 2011, recommending that this Court dismiss Petitioner's § 2255 motion as untimely.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and

conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge's PF&R on February 16, 2012 [Docket 98]. Specifically, Petitioner objects to the Magistrate Judge's determination that his motion was untimely. He asserts that the one-year period of limitation should not have begun until "May or June of 2008, or possibly later," when he was transported to FCI Gilmer. Citing 28 U.S.C. § 2255(f)(4),[*] Petitioner claims that because he "was in transport so long between facilities, he was unable, despite his consistent and reasonable efforts, to obtain information on the relevant case and statutes of the United States Code and the West Virginia Code." Petitioner also cites *State v. Mullens*, 650 S.E.2d 169 (W. Va. 2007), which held that the West Virginia Constitution prohibits police from sending a wired informant into a suspect's residence without first having obtained prior court approval pursuant to W. Va. Code § 62-1D-11.

Petitioner's arguments fail for several reasons. First, *Mullens* is not applicable to federal prosecutions, and thus is not applicable to Petitioner's case. *United States v. Shaw*, No. 5:07-cr-86, 2007 WL 3480478 (S.D. W. Va. Nov. 5, 2007). Second, the only "facts" Petitioner offers to support the use of a later date for the statute of limitations to begin to run is that he was unable to research this issue until he was transported to FCI Gilmer. As *Mullens* is inapplicable, there are no new "facts" to discover to support his claim. Thus, Petitioner had until March 6, 2006, to file his § 2255 motion. The motion was not filed until February 23, 2009, and is therefore untimely. For these reasons, Petitioner's objections are **OVERRULED**.

---

[*] This section is the statute of limitations where a petitioner may bring a claim within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Accordingly, the Court **ADOPTS** the PF&R [Docket 94], **DENIES** Petitioner's § 255 motion [Docket 82], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, the petitioner, and Magistrate Judge VanDervort.

ENTER: March 14, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE